UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 7 PENSION FUND, IBEW LOCAL 7 ANNUITY FUND, IBEW LOCAL 7 APPRENTICESHIP & TRAINING FUND, IBEW LOCAL 7 LABOR MANAGEMENT COOPERATION FUND, and IBEW LOCAL 7 SUPPLEMENTAL HEALTH AND WELFARE FUND; TRUSTEES OF THE NEW ENGLAND ELECTRICAL WORKERS BENEFIT FUND; TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND; and IBEW LOCAL 7;<br><br>*Plaintiffs,*<br><br>v.<br><br>COGHLIN ELECTRICAL CONTRACTORS, INC.<br><br>*Defendant.* | Case No.: |

## COMPLAINT

1.      This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. Section 185, to compel Coghlin Electrical Contractors, Inc. to make contributions and other payments owed to Plaintiffs.

2.      Jurisdiction is conferred by 29 U.S.C. Sections 1132(e)(1) and (f); 29 U.S.C. Sections 185(a),(b) and (c); and 29 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 29 U.S.C. Section 1132(e)(2) and U.S.C. Section 185(c).

4. The IBEW Local No. 7 Pension Fund, the IBEW Local No. 7 Annuity Fund, the Local No. 7 Apprenticeship & Training Fund, IBEW Local 7 Supplemental Health & Welfare Fund and the Local No. 7 Labor Management Cooperation Fund ("the Local Funds") are trusts established in accordance with 29 U.S.C. §186(c). The Local Funds are employee pension benefit plans, employee welfare benefit plans, and a labor management fund, as defined by 29 U.S.C. §1002(1) and (2) and 29 U.S.C. §175. The Local Funds are each governed by a Board of Trustees, who are fiduciaries to the Local Funds as defined by 29 U.S.C. §1002(21) and who are named Plaintiffs in this action. The principal place of business of the Pension and Annuity Funds is located in Wallingford, CT. The principal place of business of the remaining Local Funds is located in Springfield, MA.

5. Plaintiff IBEW Local No. 7 (the "Union") is a labor organization with its principal place of business in Springfield, Massachusetts.

6. The New England Electrical Workers Benefits Fund ("NEEWBF") is a trust, established in accordance with 29 U.S.C. §186(c), and is an employee welfare benefit plan, as defined by 29 U.S.C. §1002(1). NEEWBF is governed by Board of Trustees, who are fiduciaries as defined by 29 U.S.C. §1002(21) and who are named Plaintiffs in this action. NEEWBF's principal place of business is in Wallingford, CT.

7. The National Electrical Benefit Fund ("NEBF") is a trust, established in accordance with 29 U.S.C. §186(c), and is an employee pension benefit plan, as defined by 29 U.S.C. §1002(2). NEEWBF is governed by Board of Trustees, who are fiduciaries as defined as defined by 29 U.S.C. §1002(21) and who are named Plaintiffs in this action. The principal place of business of NEBF is located in Rockville, MD.

8. The benefit funds identified in paragraphs four, six, and seven (collectively "the Funds") are maintained pursuant to a collective bargaining agreement between the Union and more

than one employer, and is a fund to which more than one employer is required to contribute for all covered work performed by employees working within the territories defined by the agreement.

9. Defendant Coghlin Electrical Contractors, Inc. (the "Employer") is a corporation incorporated and existing under the laws of the Commonwealth of Massachusetts and having a place of business in Worcester, Massachusetts.

10. The Employer is engaged in an industry affecting commerce as defined in ERISA, 29 U.S.C. Sections 1002(5), (11) and (12), and as defined in LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

11. The Employer is and has been a party to a collective bargaining agreement with the Union (the "Agreement") at all times material herein. The Agreement, the trust agreements governing the Funds and ERISA provide that, in the event the Employer fails to make its required contributions in a timely fashion, the Employer is obligated to the Funds, in addition to the principal amounts owed, for interest from the date when the payment was due, liquidated damages and for all costs and reasonable attorney's fees expended by the Plaintiffs in any action collecting the delinquent contributions.

12. The Employer has failed to make contributions and remit employee payroll withholdings to the Plaintiffs for work performed by its employees as required by the Agreement.

13. The Employer and the Plaintiffs entered into a settlement agreement pursuant to which the Employer acknowledged its delinquency to the Funds, agreed to a payment schedule, and agreed among other things that, in the event of a default in the payment schedule, the Employer waived any defenses in an action under ERISA and/or the settlement agreement and would stipulate to a judgment in such an action (referred to as the "Settlement Agreement").

## COUNT I
(Violation of ERISA – Delinquent Contributions)

14. The Plaintiffs restate the preceding paragraphs as though fully restated herein.

15. The Employer has failed to make contributions to the Plaintiffs for work performed by its employees as required by the Agreement, the Settlement Agreement, and 29 U.S.C. Section 1145.

## COUNT II
(Violation of LMRA – Delinquent Contributions)

16. The Plaintiffs restate the preceding paragraphs as though fully restated herein.

17. The failure of the Employer to make contributions on behalf of all covered employees and to remit the dues it deducted from employees' pay checks as required by the terms of the Agreement and the Settlement Agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## COUNT III
(Breach of Contract)

18. The Plaintiffs restate the preceding paragraphs as though fully restated herein.

19. Employer's refusal and failure to make payments pursuant to the terms of the Settlement Agreement breaches its Settlement Agreement with the Funds.

WHEREFORE, the Plaintiffs demand judgment against the Employer as follows:

1. That the Employer be ordered to pay the Plaintiffs the delinquent contributions due the Plaintiffs plus prejudgment interest from the date when each month's payment was due and liquidated damages pursuant to 29 U.S.C. Section 1132(g)(2);

2. That the Employer be ordered to pay the Plaintiffs' costs and disbursements, including its reasonable attorney's fees in this action, pursuant to 29 U.S.C. Section 1132(g)(2);

3. That the Employer be ordered to pay the Plaintiffs all amounts owed to the Plaintiffs pursuant to the Settlement Agreement; and

4. That the Plaintiffs receive such other legal or equitable relief as this Court deems just and proper.

                                        Respectfully submitted,

                                        Thomas R. Landry (BBO #625004)
                                        Colby J. Jackson (BBO #696825)
                                        Krakow, Souris & Landry, LLC
                                        225 Friend Street
                                        Boston, MA 02114
                                        (617) 723-8440 (phone)
                                        (617) 723-8443 (fax)
                                        tlandry@krakowsouris.com
                                        cjackson@krakowsouris.com

Date:   September 9, 2020                <u>/s/ Colby J. Jackson</u>
                                                      Attorney for Plaintiffs